[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, First Federal Bank, has moved for summary judgment as to the five special defenses raised by defendant Michel Duchesne in this suit to enforce the obligation of an unsecured $250,000.00 demand promissory note against the individual partners of a partnership known as Realty Capitol Associates as well as from the partnership itself. The complaint asserts that the note was executed by Mark S. Germain as general partner on behalf of Realty Capital Associates on March 25, 1988.
Defendant Duchesne plead five special defenses. After the plaintiff moved for summary judgment he filed amended special defenses. The motion for summary judgment is addressed only to the CT Page 10696 original five special defenses.
Defendant Duchesne has raised as his first special defense that the promissory note was executed not on behalf of the partnership but by Mark S. Germain acting on his own behalf.
The second special defense is that the note was executed without consideration to or the authorization of the defendant, Michel Duchesne.
The third special defense is that the loan described in the note was made to Mark S. Germain personally, not on behalf of the partnership.
The fourth special defense is that any monies borrowed by Mark S. Germain purportedly on behalf of the partnership were borrowed without actual or apparent authority of defendant Duchesne.
The fifth special defense is that Mark Germain knowingly or negligently misrepresented crucial facts about a development project, that the plaintiff knew or should have known these facts, and that Mark Germain's intent was a scheme to defraud defendant Duchesne.
The plaintiff seeks summary judgment on the ground that all of these defenses are barred by the doctrine approved in D'Oench, Duhme Co. v. FDIC, 315 U.S. 447 (1942), by 12 U.S.C. § 1823 (e) and by federal holder in due course doctrine. Alternatively, the plaintiff asserts that there is no genuine dispute as to the facts of the transaction and that Germain was authorized to act on behalf of the partnership in incurring the obligation at issue.
It is undisputed that the plaintiff on October 2, 1992, obtained the assets of First Constitution Bank, to whom the note is due, from the Federal Deposit Insurance Corporation (FDIC) and thereby became the owner and holder of the note at issue. The protections extended to the FDIC as the acquirer of the assets of a failed bank in D'Oench have been held also to apply to banks that obtain the assets of the failed bank through the purchase and assumption agreements with the FDIC See e.g., Bell Murphy Associates, v. Interfirst Bank Gateway, N.A., 894 F.2d 750, 754-5
(5th Cir. 1990).
The plaintiff describes the D'Oench doctrine as a "trump card" and argues that it and its codification in 12 U.S.C. § 1823 (e) CT Page 10697 defeat virtually any defense to an obligation held by or acquired from the FDIC. In fact, the protections are not global. Title 12 U.S.C. § 1823 (e) provides that "[n]o agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title . . . shall be valid against the Corporation unless such agreement 1) is in writing, 2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, 3) was approved by the board of directors of the depository institution . . . and 4) has been, continuously from the time of it's execution, an official record of the depository institution."
On its face, therefore, 1823(e) defeats only special defenses based on alleged agreements if those agreements fail to comply with the listed requirements. This provision applies only to defenses anchored in alleged agreements that are separate from and collateral to the instrument that the FDIC or an acquiror from the FDIC seeks to enforce. Commerce Federal Savings Bank v. Federal Deposit Insurance Corp., 872 F.2d 1240 (6th Cir. 1989). The provision does not bar defenses not based on such side agreements between lender and borrower. Desmond v. F.D.I.C., 798 F. Sup. 829,838-9 (D.Mass. 1992). The provision does not, for example preclude the maker of a note from raising a claim of improper distribution of funds in violation of express provisions of the loan agreement itself. FDIC v. Vernon Real Estate Investments, Ltd., 798 F. Sup. 1009, 1014 (S.D.N.Y. 1992).
Since the five special defenses at issue do not involve unwritten agreements between the lender and the borrower, they are not barred either by 12 U.S.C. § 1823 (e) or by the common law doctrine of D'Oench and its progeny.
The remaining issue is whether these five special defenses are barred by holder in due course doctrine. The limitation of defenses as to a holder in due course under Connecticut law are set forth in 42a-3-305 C.G.S. Defendant Duchesne has not asserted that the plaintiff is not a holder in due course. Federal courts have held that even if the FDIC or a successor holder of obligations of a failed bank does not meet a state law definition of holder in due course, it is entitled to the benefits of that status, and that "personal" defenses may not be asserted in defense. Campbell Leasing Inc. v. FDIC, 901 F.2d 1244,1249 (5th Cir. 1990); FDIC v. Wood, 758 F.2d 156, 161 (6th Cir.), CT Page 10698 cert. denied, 474 U.S. 944 (1985), FSLIC v. Murray, 853 F.2d 1251,1256 (5th Cir. 1988).
Defendant Duchesne does not claim that the obligation sued upon is not a negotiable instrument, and the transaction, on its face, is of a kind giving rise to holder in due course status, unlike the situation in FDIC v. Payne, 973 F.2d 403, 408 (5th Cir. 1992).
In FDIC v. Wood, supra, the Court of Appeals of the Sixth Circuit reasoned that the rapidity with which the FDIC must act as to a failing bank requires recognition of holder in due course status to defeat "personal" defenses. In Campbell Leasing, supra, at 1249, the Fifth Circuit applied this principle where the FDIC acted as a receiver.
Pursuant to 42a-3-305 (b) C.G.S., a holder in due course is not subject to defenses "that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract."
Defendant Duchesne's defenses are, on their face, defenses that would be available in an action enforcing a right to payment under a simple contract. Since the federal holder in due course common law counsels that the FDIC is entitled to at least as much protection from unexpected impairment of the value of a note as the Connecticut statute confers on holders in due course, this court concludes that the motion for summary judgment against the assertion of the five challenged special defenses must be, and is hereby granted.
Beverly J. Hodgson, Judge